**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

ROBERT HAL BRAME,

    Plaintiff,

v.                                                             Case No: 5:13-cv-102-JSM-PRL

ERICKA L. WOOLF, *et al.*,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss (Dkt. 22) and Plaintiff's Response in Opposition (Dkt. 23). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted and this action dismissed without prejudice.

## BACKGROUND

Plaintiff Robert Hal Brame, a federal inmate acting *pro se*, filed his complaint on February 27, 2013, alleging that Defendants Ericka L. Woolf, FNU Tipton, FNU Crafton, FNU Lue, Rafael Duenas, FNU Barker, FNU Evans, and FNU Kelly violated Brame's Eighth and Fourteenth Amendment rights when they placed him in four point restraints for two days in September, 2012 (Dkt. 1). Specifically, Brame claims Defendants were not permitted to place him in restraints as a form of punishment. Brame seeks compensatory damages in the amount of $50,000 against each Defendant and punitive damages in the amount of $50,000 against each Defendant. Brame does not allege a physical injury he suffered as a result of the constitutional violations.

On December 20, 2013, Defendants filed the instant motion to dismiss (Dkt. 22). Defendants argue that (1) Brame failed to disclose previous actions he filed in federal court and (2) Brame failed to exhaust his administrative remedies under the Prison Litigation Reform Act.

On January 2, 2014, Brame filed a response in opposition (Dkt. 23).

## DISCUSSION

I.  **Failure to Disclose Previous Actions**

Defendants argue that, according to Public Access to Court Electronic Records ("PACER"), Brame failed to disclose three other actions he filed in federal court. Defendants contend that Brame's failure to disclose these prior actions permits the dismissal of this action without prejudice. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1988) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where the plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Brame's response acknowledges his failure to include the previous actions. Brame states that this "inadvertent mistake was due to [his] loss of memory due to the severe emotional and mental trauma he has suffered being incarcerated for (30) years" (Dkt. 23). Brame requests permission to amend his complaint to include the prior actions.

The Court would typically permit an amendment of the complaint, especially given Defendants' failure to indicate whether the prior actions constitute "three strikes" under

28 U.S.C. § 1915(g).[1] However, as discussed below, amendment would be futile because Brame did not exhaust his administrative remedies and failed to allege a physical injury.

## II. Failure to Exhaust Administrative Remedies

Defendants argue that Brame's claims must be dismissed due to his failure to exhaust them. Under the Prison Litigation Reform Act ("PLRA"):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." *Alexander v. Hawk,* 159 F.3d 1321, 1325 (11th Cir. 1998); *see also Booth v. Churner,* 532 U.S. 731 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." *Miller v. Tanner,* 196 F.3d 1190, 1193 (11th Cir. 1999) (citing *Alexander,* 159 F.3d at 1326).

Brame argues that administrative exhaustion is not required because he is seeking only money damages against Defendants. Brame does not cite any legal authority for this proposition. And the United States Supreme Court has held that a plaintiff must exhaust

---

[1] Section 1915(g) states: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

his administrative remedies, even if he seeks only money damages. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (stating: "Indeed, as we held in *Booth,* a prisoner must now exhaust administrative remedies even where the relief sought - monetary damages - cannot be granted by the administrative process.").

Accordingly, Brame's complaint must be dismissed without prejudice for failure to exhaust his administrative remedies.

### III. Failure to Allege a Physical Injury

Although Defendants do not raise this issue, Brame's complaint is also subject to dismissal because Brame does not allege a physical injury. The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury..." 42 U.S.C. § 1997e(e). A prisoner, therefore, may not proceed in a civil rights action for compensatory or punitive damages unless he alleges some physical injury that is more than *de minimis. See Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1312-13 (11th Cir. 2002) (noting: "In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis.") (citation omitted); *see also Al-Amin v. Smith,* 637 F.3d 1192 (11th Cir. 2011) (holding that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury).

It is apparent from the face of the complaint that § 1997e(e) bars Brame's claims for compensatory and punitive damages. The complaint identifies no physical injury arising from Defendants' conduct, much less injury that is more than *de minimis.*

Consequently, this action is barred as a matter of law.[2]

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss (Dkt. 22) is GRANTED.

2. This action is dismissed without prejudice.

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on January 17, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2013\5-13-cv-102.mtdismiss.wpd

---

[2] Nominal damages may be recovered where there is a violation of a constitutional right without a physical injury. See *Hughes v. Lott,* 350 F.3d 1157, 1162 (11th Cir. 2003). Brame, however, does not state that he wants nominal damages.